UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CORY J. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-CV-94-KAC-CRW |
| | ) | |
| JILL E. MCCOOK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on United States Magistrate Judge Cynthia R. Wyrick's "Order and Report and Recommendation" ("the Report") [Doc. 9] [1], recommending that the Court dismiss Plaintiff Cory J. Davis's claims with prejudice [*See* Doc. 9 at 6-9]. Plaintiff, who is proceeding pro se, filed objections to the Report [*See* Doc. 10]. For the below reasons, the Court (1) overrules Plaintiff's objections [Doc. 10], (2) adopts the relevant portions of the Report [Doc. 9], and (3) dismisses this action with prejudice.

**I.  Background**

Plaintiff filed the instant action against United States Magistrate Judge Jill E. McCook [*See* Doc. 2]. Plaintiff essentially alleges that in prior criminal cases, 3:22-CR-11 (E.D. Tenn.) and 3:22-CR-106 (E.D. Tenn.), Defendant violated his constitutionally protected rights [*See* Docs. 2 at 1; 10 at 6-10]. Specifically, Plaintiff believes that his liberty and property interests were infringed and that his Fifth and Sixth Amendment Rights were violated when Defendant (1) granted a continuance and issued a report and recommendation in Case Number 3:22-CR-106,

---

[1] Unless otherwise indicated, all citations are to Case Number 3:25-CV-94.

and (2) purportedly dismissed an indictment against Plaintiff in Case Number 3:22-CR-11 [*See* Doc. 2 at 10, 12-14, 17].

The Report recommends that the Court dismiss Plaintiff's claims because Defendant is entitled to judicial immunity [*See* Doc. 9 at 6-8]. Plaintiff asserts both factual and legal objections to the Report [*See* Doc. 10]. Factually, he argues that "the minutes from June 7, 2023 [in Case Number 3:22-cr-106] do not reflect the government stating on the record asking Judge McCook to dismiss 3:22-cr-11," [*id.* at 1], and "[l]eave of the court is the only way to dismiss an indictment. The docket sheet does not reflect leave being filed," [*id.* at 5]. Legally, Plaintiff objects that Defendant exceeded her authority in purportedly dismissing Case Number 3:22-cr-11 and is therefore not immune from this lawsuit [*See id.* at 5-10]. Both the factual and legal objections fail.

## II.    Analysis

Under 28 U.S.C. § 636(b)(1), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a Party makes a timely objection under Section 636(b)(1)(C) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations," 28 U.S.C. § 636(b)(1)(C). The Court generally reviews factual findings for clear error and reviews conclusions of law de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019).

Starting with Plaintiff's factual objections, the record fails to support his objections. On June 1, 2023, in Case Number 3:22-CR-11, United States District Judge Thomas A. Varlan cancelled the pretrial conference set for June 7, 2023. On June 7, 2023, the United States filed a "Motion to Dismiss" the Indictment in that case [*See* 3:22-CR-11, Doc. 295]. Then, Judge Varlan

2

dismissed the Indictment on August 2, 2023 "[p]ursuant to Rule 48(a)" after Defense Counsel indicated that he had no objection to the Motion [*See id.* at Doc. 316]. Even assuming the allegations in the Complaint are true, the Report correctly notes that the August 2 dismissal order entered by Judge Varlan controls the dismissal of the indictment against Plaintiff in Case Number 3:22-CR-11, not any statements allegedly made by Defendant in a separate case [*See* Doc. 9 at 7 (citing *United States v. Hark*, 320 U.S. 531, 534 (1944))]. Further, the United States's Motion requested the necessary leave of Court under Rule 48(a), and Judge Varlan granted such leave [*See* 3:22-CR-11, Docs. 295, 316]. Therefore, the Court overrules Plaintiff's factual objections.

Plaintiff's legal objection fairs no better. Liberally construed, Plaintiff argues that because Defendant "acted without jurisdiction," she is not immune [*See* Doc. 10 at 5-10]. "Judges generally speaking have broad immunity from being sued." *See Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citations omitted). One may, however, lose that immunity if she acts "in the complete absence of all jurisdiction." *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam)).

Defendant did not act in the complete absence of all jurisdiction here [*See* Doc. 9 at 7 (citing 28 U.S.C. § 636(b)(1)(A))]. 28 U.S.C. § 636 confers upon Defendant the authority to hear and determine certain pretrial matters and issue a relevant report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A)). Defendant was acting within her statutory-authorized jurisdiction when she held proceedings on June 7, 2023 in Case Number 3:22-cr-106. To the extent that those proceedings purportedly involved the dismissal of the Indictment in Case Number 3:22-cr-11, the record shows that it was actually Judge Varlan who dismissed that Indictment on August 2, 2023 [*See* 3:22-CR-11, Doc. 316]. And even if Defendant stated that she was dismissing the Indictment in Case Number 3:22-cr-11 while holding a hearing in Case Number 3:22-cr-106 on June 7, she is

entitled to judicial immunity because she—at the most—acted in the excess of her jurisdiction, not in the clear absence of jurisdiction. *See Norfleet*, 924 F.3d at 319-20 (comparing when an individual who performs judicial duties acts in excess of her jurisdiction and when the individual acts in the clear absence of jurisdiction and "err[ing] on the side of granting immunity in close cases" (citations omitted)). The Report reached the correct conclusion.

Because the portions of the Report to which Plaintiff objects are neither clearly erroneous nor contrary to law, the Court **OVERRULES** Plaintiff's objections [Doc. 10]. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Further, the Court **ADOPTS** the relevant portions of the Report [Doc. 9] and **DISMISSES** this action with prejudice. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge